IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DESIREE FELICIA SAPP,

      Plaintiff,

v.   No. 1:24-cv-00466-KK

GREYHOUND LINES INC.,
MARK SOUTHERST,
WESTERN TRAILS CHARTERS & TOURS, LLC and
JACOB PRICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint, Doc. 1, filed May 15, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 15, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

  The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $321.00; (ii) Plaintiff's monthly expenses exceed her monthly income; and (iii) Plaintiff has $0.00 in cash and $14.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because of her low monthly income, and because her three children rely on her for support.

**The Complaint**

  This case arises from a trip Plaintiff took on a bus operated by Greyhound Lines Inc. ("Greyhound") and Western Trails Charters & Tours LLC ("Western Trails") from Sparks, Nevada, to Albuquerque, New Mexico. *See* Complaint at 2. Plaintiff alleges that a malfunctioning door and a defective heating system on the bus subjected Plaintiff to freezing temperatures resulting in Plaintiff seeking medical care. *See* Complaint at 2-3. Plaintiff asserts negligence claims and claims pursuant to 42 U.S.C. § 1983 for "infringe[ment] upon Plaintiff's fifth and ninth United States Constitutional amendment rights." Complaint at 2. Plaintiff seeks $10,000 in damages for medical care expenses. *See* Complaint at 10.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants deprived Plaintiff of a federally protected right or that Defendants were acting under color of state law.  Plaintiff's conclusory allegation that Defendants violated her Fifth[1] and Ninth[2] Amendment rights, without factual allegations describing how Defendants violated those rights, are not sufficient to state a claim pursuant to Section 1983.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

The Complaint fails to state a claim against Defendants Southerst and Price because there are no factual allegations explaining what Defendants Southerst and Price did to Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

---

[1] Because Plaintiff is proceeding *pro se* and asserts claims pursuant to 42 U.S.C. § 1983, which provides a remedy for constitutional deprivations by state actors, the Court construes Plaintiff's Fifth Amendment claims as Fourteenth Amendment claims.

> There are two constitutional sources of due process rights, the Fifth Amendment and the Fourteenth Amendment. Plaintiffs pursuing procedural due process claims based on actions by the federal government must proceed under the Fifth Amendment, while plaintiffs bringing such claims based on actions by state governments must proceed under the Fourteenth Amendment.

*Doe v. University of Denver*, 952 F.3d 1182, 1187 (10th Cir. 2020).

[2] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege facts showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff asserts Fifth and Ninth Amendment claims pursuant to 42 U.S.C. § 1983 but, as discussed above, does not allege sufficient facts showing that this case arises under the Fifth and Ninth Amendments. Plaintiff also states: "United States Code (U.S.C.) Title 49 § 14704 states that both Defendants bear accountability for the administered negligence through the payment of all associated medical expenses and compensation for the inconvenience of the Plaintiff's time and pain/suffering." Complaint at 3. Plaintiff has not shown that this case arises from

49 U.S.C. § 14704.  Section 14704 does not create a private cause of action for personal injuries. *See Courtney v. Ivanov*, 41 F.Supp.3d 453, 457 (W.D.Pa. 2014) ("this Court concludes—in agreement with the majority of other courts that have considered this question—that § 14704(a)(2) creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, but not for personal injury actions") (quotation marks and citation omitted) (citing cases).

There is no properly alleged diversity jurisdiction because the Complaint states that the amount in controversy is $10,000.  Complaint at 10.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  The Complaint also does not allege the citizenship of Defendants Southerst and Price.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.

***Younger*** **Abstention**

It appears that this case may be barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state

> proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Plaintiff stated there is another case related to this case in the First Judicial District Court, State of New Mexico.  *See* Complaint at 10.   State court records show that Plaintiff filed a complaint for negligence on May 7, 2024, in state court eight days before she filed the action now before this Court.  *See Sapp v. Greyhound Lines Inc.*, No. D-101-CV-202401131 (First Judicial District, State of New Mexico) ("State Court Proceeding").  Defendants in this case are defendants in the State Court Proceeding.  Plaintiff states the State Court Proceeding was "Withdrawn Upon United States District Court – District of New Mexico Filing."  Complaint at 10.  However, state court records do not show that Plaintiff has "withdrawn" her complaint in the State Court Proceeding and indicate that the State Court Proceeding is currently pending.

The Court orders Plaintiff to show cause why this case is not barred by the *Younger* abstention doctrine.  If Plaintiff asserts this case is not barred by the *Younger* abstention doctrine, Plaintiff must provide documentation showing the State Court Proceeding is no longer ongoing.

**Attachments**

Plaintiff attached several documents to her Complaint.  *See* Complaint at 3-9.  The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant.").  Any information in the attachments that form a basis for

6

Plaintiff's claims must be set forth in allegations in an amended complaint. The Court may consider the documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

7

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 15, 2024, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**