IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DESIREE FELICIA SAPP,

    Plaintiff,

v.                                      No. 1:24-cv-00466-WJ-KK

GREYHOUND LINES INC.,
MARK SOUTHERST,
WESTERN TRAILS CHARTERS & TOURS, LLC and
JACOB PRICE,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from a trip Plaintiff took on a bus operated by Greyhound Lines Inc. and Western Trails Charters & Tours LLC from Sparks, Nevada, to Albuquerque, New Mexico in December 2023. *See* Civil Rights Complaint at 2, Doc. 1, filed May 15, 2024 ("Complaint"). Plaintiff, who is proceeding *pro se*, alleged that a malfunctioning door and a defective heating system on the bus subjected Plaintiff to freezing temperatures resulting in Plaintiff seeking medical care. *See* Complaint at 2-3. Plaintiff asserted negligence claims, claims pursuant to 42 U.S.C. § 1983 for "infringe[ment] upon Plaintiff's fifth and ninth United States Constitutional amendment rights," and claims pursuant to the Motor Carrier Act, 49 U.S.C. § 14704. Complaint at 2-3. Plaintiff seeks $10,000 in damages for medical care expenses. *See* Complaint at 10.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendants deprived Plaintiff of a federally protected right or that Defendants were acting under color of state law. Plaintiff's conclusory allegation that Defendants violated her Fifth and Ninth Amendment rights, without factual allegations

> describing how Defendants violated those rights, are not sufficient to state a claim pursuant to Section 1983. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").
>
> The Complaint fails to state a claim against Defendants Southerst and Price because there are no factual allegations explaining what Defendants Southerst and Price did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").
> . . . .
> Plaintiff has not shown that this case arises from 49 U.S.C. § 14704. Section 14704 does not create a private cause of action for personal injuries. *See Courtney v. Ivanov*, 41 F.Supp.3d 453, 457 (W.D.Pa. 2014) ("this Court concludes—in agreement with the majority of other courts that have considered this question—that § 14704(a)(2) creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, but not for personal injury actions") (quotation marks and citation omitted) (citing cases).

Order to Show Cause at 3-5 (footnotes omitted).

Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint, and notified Plaintiff that failure to timely show cause and to file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 8. Plaintiff did not show cause or file an amended complaint by the June 6, 2024, deadline.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 49 U.S.C. § 14704 because: (i) the Complaint fails to state claims upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss those claims; and (iii) Plaintiff did not file an amended complaint or otherwise respond to Judge Khalsa's Order to Show Cause.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district

2

court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial"). The Court dismisses Plaintiff's state law claims and, having dismissed Plaintiff's federal law claims, dismisses this case.

      **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**